SCOTT, J., did not participate in the opinion.

———

## I. O. O. F. v. SCOTT.

(No. 833;  Decided March 5th, 1917;  163 Pac. 306.)

TAXATION — EXEMPTIONS OF FRATERNAL ORGANIZATIONS — AGREED STATEMENT OF FACTS.

1. Property owned and used by fraternal societies for the purposes of their organization, is exempt from taxation so long as so used; but property owned by them and not so used, but devoted and used for other purposes for revenue, is not exempt.

2. A building owned by a fraternal society of which certain rooms are used by it for lodge purposes, and other rooms are leased by it and used by it for other purposes for revenue, is exempt from taxation, according to the proportionate value of the part used for lodge purposes, but taxable as to the remainder.

ERROR to the District Court, Natrona County;  HON. CHARLES E. WINTER, Judge.

Action by Independent Order of Odd Fellows of Casper, Wyoming, Lodge No. 22, against John T. Scott, Treasurer and Collector of Taxes, to enjoin collection of taxes assessed and levied upon its property.  From a judgment denying injunction and awarding defendant costs, plaintiff brings error.  The material facts are stated in the opinion.

No briefs having been filed, the cause was submitted under Rule 21, upon motion of defendant in error.

*E. Richard Shipp* and *Ralph B. Washburn,* for plaintiff in error.

*R. H. Nichols,* County and Prosecuting Attorney, for defendant in error.

Potter, Chief Justice.

This action was brought in the district court to enjoin the collection of taxes alleged to have been illegally assessed and levied upon certain property of the plaintiff in error, Independent Order of Odd Fellows, of Casper, Wyoming, Lodge No. 22. The case was heard and decided in that court upon an agreed statement of facts, and a judgment was entered denying the injunction prayed for and awarding the defendant his costs. No brief having been filed for plaintiff in error, and the time therefor having expired, the case was heard upon the motion of defendant in error submitting it under Rule 21, authorizing such submission where plaintiff in error has failed to file and serve his brief as required by the rules.

The following are the material facts: The plaintiff is incorporated under the statute relating to the incorporation of secret societies and is one of the class of societies authorized to so incorporate, subject to the regulations of its grand body and according to its constitution; that its object and purpose, under the constitution, laws, regulations, rules and usages by which it is governed are: "To provide the means to meet the claims of the sick and distressed members, to properly care for their illness, to bury the dead, to succor the widow and to educate the orphan." It is the owner of lots 13, 14, 15, 16 and 17 in the town of Casper, in Natrona county. Lots 15, 16 and 17 are improved by a two-story brick building, erected by the Lodge in 1896, with three store rooms on the first floor occupied for business purposes by persons and firms not members of the order who pay the Lodge a monthly rental therefor; a dance hall on

the second floor 67 feet in length and 33 feet wide, which is
rented to any person applying for public and private pur-
poses such as dances, public or political meetings, church
meetings, bazaars and other similar purposes, at a nightly or
daily rental; a lodge room also on the second floor occupy-
ing, together with ante-rooms and paraphernalia rooms, a
space 75 feet in length and 30 feet in width, which is used
by the plaintiff Lodge and rented to other lodges at a nightly
rental, and is thus used nearly every week-day night. Lot
14 is occupied by a one-story building owned by the Lodge
and used as a store room by a tenant, not a member of the
order, paying a monthly rental therefor. All money received
by the plaintiff Lodge from dues, fines, rents or other sources
is placed in its general treasury, and constitutes a trust fund
for the objects and purposes of the order including lodge en-
tertainments, current expenses, running expenses of the
building, and debts, including bonds incurred in the erect-
ing or improvement of the building or interest thereon. The
property was not listed for taxation for the year 1911 by the
plaintiff or by anyone in its behalf; but in that year it was
assessed by the assessor at the sum of $23,000, from which
the board of county commissioners sitting as a board of
equalization, deducted the sum of $5,500 as and for the
value of the Lodge room and the furniture therein, leaving
the assessment at $17,500, and the county treasurer was at-
tempting to collect the tax for 1911 levied upon that assess-
ment. The plaintiff by its attorney appeared before said
board and protested to the assessing of such property, claim-
ing the whole thereof to be exempt from taxation under and
by virtue of Section 2322, Compiled Statutes, 1910, but not-
withstanding such protests and objections, the county board,
at the time provided by law, levied a tax thereon in the sum
of $248.07.

The exemption is claimed under Section 2322, Compiled
Statutes, 1910, which reads as follows: "Lands, with the
buildings thereon, used for schools, orphan asylums or hos-
pitals, and for lodge rooms for the meetings of all secret,
benevolent and charitable societies or associations shall be

exempted from taxation so long as said lands and buildings are not used for private profit." This statute was construed in Hardin v. Rock Springs Lodge No. 12, A. F. & A. M., 23 Wyo, 522, 154 Pac. 323, wherein it was said:

"The statute is not as definite and explicit in its language as it might be; but we are of the opinion that a fair construction of it, and what was intended by the Legislature, is that property owned and used by such societies for the purposes of their organization and adapted for those purposes is exempt from taxation so long as so used; but property owned by them and not so used, but devoted and used for other purposes for revenue is not exempt."

The building involved in that case did not contain any store rooms, or any rooms that were not at times used by the society, though a ball room in the building, when not required for the purpose of the lodge, was rented by the night to dancing clubs and social organizations at a nightly rental, when such use was desired for purely social purposes and not for gain or profit to the club or organization so renting it; and under like circumstances the dining room and kitchen in the building was rented by the night to churches, charitable, fraternal and social organizations for the purpose of serving suppers and banquets; the money derived from such rentals being turned into the lodge treasury and used toward defraying the maintenance of the building. And it was held that under those circumstances such occasional rented use of the property did not subject the property or any part thereof to taxation, and it was said: "The use for private profit which would take it out of the exemption is something more than such occasional or temporary use and is such as would not interefere with the ordinary, proper and legitimate use, when required or desired by the society for its purposes."

Under that decision and the statute as thereby construed, the plaintiff's lodge room with its ante-rooms and paraphernalia rooms and such other part of the building as had been arranged for the convenient and proper use of the society and was so occupied and used by it when required for its

purposes would be exempt from taxation. The lodge room was treated as exempt by the county board and a deduction made from the amount of the assessment on that account, evidently to cover the estimated value of such lodge room in proportion to the total assessed valuation of the property. The agreed facts in this case as to the dance hall do not bring it within the rule stated in the case cited as to rooms or parts of a building built for the use of the society whenever required for use by it, but occasionally rented when not so required, for it is not shown that said dance hall was so built or occupied. But if the agreed facts had shown that the facts were such as to render the dance hall exempt under the statute as construed in the case cited, there is nothing to show what its proportionate value was, and therefore there would be no ground upon which the judgment might be modified. We are of the opinion that under the agreed facts the exemption would not apply to any other part of the main building or to the building on lot 14, and that the trial court did not err in denying the injunction. The judgment will, therefore, be affirmed.        *Affirmed.*

Beard, J., concurs.
Scott, J., did not sit.